IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT E. JACK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-00412-CVE-SH |
| | ) |
| **AXIOM STRATEGIES, LLC,** | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER

For its Answer to Plaintiff Robert E. Jack's ("Plaintiff") Complaint, Defendant Axiom Strategies, LLC ("Defendant") states the following:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1, and therefore denies them.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant denies the allegations contained in Paragraph 4.

5. Defendant admits only to sending the mailers, but denies all other allegations contained in Paragraph 5.

6. Paragraph 6 does not require an admission or denial as it is an allegation of law. To the extent a response is required, Defendant admits that 26 O.S. § 14-101.1 is designed to criminalize absentee ballot harvesting. Defendant further states that the statute speaks for itself and Defendant relies on the language of the statute itself.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 7, and therefore denies them.

{2741635;}

8. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 8, and therefore denies them.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Defendant denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

2. Plaintiff's Complaint, and each purported claim, fails to state a claim upon which relief can be granted.

3. Plaintiff's Complaint, and each purported claim, fails to state a claim as a matter of law.

4. Defendant was not the direct or proximate cause of any injury or damage suffered by Plaintiff.

5. Defendant breached no duty owed to Plaintiff, nor did any alleged breach rise to the level of negligence or gross negligence.

6. Defendant's liability for Plaintiff's claims, if any, is barred (or at a minimum reduced) by the doctrine of intervening actors.

7. Plaintiff's claims for damages are caused by third parties over which Defendant had no control or knowledge and cannot be held responsible.

8. Defendant's liability for Plaintiff's claims, if any, is reduced or barred by the doctrines of comparative negligence, contributory negligence, or both.

9. Defendant's liability for Plaintiff's claims, if any, is reduced or barred by Plaintiff's failure to mitigate.

10. Plaintiff's claims against Defendant are barred, in whole or in part, by the statute of frauds, statute of limitations, unclean hands, estoppel, and laches.

11. Plaintiff's claims for damages are too speculative to support legal recovery.

12. Plaintiff has not stated a claim upon which relief can be granted for punitive, compensatory, consequential, and/or incidental damages.

13. Plaintiff did not engage in any act or omission that was malicious, wanton, reckless, or grossly negligent, and Plaintiff is not entitled to punitive damages.

14. The punitive damages requested by Plaintiff violates the United States Constitution, Oklahoma Constitution, Oklahoma statute, common law, and public policies of the State of Oklahoma for one or more of the following reasons:

   a. Plaintiff is limited in the amount, if any, he can recover for punitive damages under 23 Okla. Stat. § 9.1.

   b. Plaintiff's claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law without bifurcating the trial and trying all punitive damages issues separately and only upon a finding of liability on the merits would violate Defendant's due process rights, among other issues.

   c. Plaintiff's claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law subject to no pre-determined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate Defendant's due process rights, among other issues.

   d. Plaintiff's claims for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Oklahoma law is vague and

    arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim.

  e. Plaintiff's claims for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damages awarded under Oklahoma law and because Oklahoma law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages.

  f. Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law by a jury that is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment.

  g. Plaintiff's claims for punitive damages cannot be sustained because any award of punitive damages, which is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes and grounded in objective standards would violate Defendant's due process rights, among other issues.

  h. Plaintiff's claims for punitive damages cannot be sustained because any award of punitive damages under Oklahoma law, without proof of every element beyond a reasonable doubt, would violate Defendant's rights under Amendments IV, V, VI, and XIV of the United States Constitution and the related provisions of the Oklahoma Constitution and would be improper under common law and public polices of the State of Oklahoma and other applicable laws and statutes.

15. Plaintiff has suffered no damages.

16. Defendant reserves the right to add affirmative defenses and to amend its Answer herein as discovery proceeds and the facts warrant.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays to be dismissed, for its costs and fees, and for such other relief as the Court deems just and proper.

Dated July 24, 2023.

Respectfully submitted,

s/ Todd A. Nelson
Todd A. Nelson, OBA No. 15317
GABLEGOTWALS
110 North Elgin Avenue, Suite 200
Tulsa, OK 74120-1495
Telephone:  (918) 595-4800
Facsimile:   (918) 595-4990
tnelson@gablelaw.com

James M. Humphrey IV (pro hac vice)
George Revis Lewis (pro hac vice)
Graves Garrett LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: (816) 256-3181
Facsimile: (816) 256-5958
jhumphrey@gravesgarrett.com
glewis@gravesgarrett.com

Attorneys for Defendant
Axiom Strategies, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2023, the above and foregoing was filed via the Court's electronic (ECF) filing/notification system, and a copy of the same was served electronically to:

Taylor A. Burke
Barer & Bartz
525 S. Main St., Suite 800
Tulsa, Oklahoma 74103

Attorney for Plaintiff

                                                *s/ Todd A. Nelson*
                                                Attorney for Defendant